IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| CHARLES L. HILL, JR.,<br><br>   *Plaintiff*,<br><br>v.<br><br>U.S. SECURITIES AND<br>  EXCHANGE COMMISSION,<br><br>   *Defendant*. | No. 15-cv-1801-LMM |

**DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING APPEAL**

   Defendant, the Securities and Exchange Commission (the "SEC" or "Commission"), respectfully requests that, with the exception of Defendant's pending Motion to Stay Preliminary Injunction Pending Appeal, ECF No. 33, this Court stay all proceedings in this case pending the Eleventh Circuit's resolution of Defendant's appeal of the preliminary injunction issued by this Court on June 8, 2015, enjoining the SEC's administrative proceeding against Plaintiff. *See* Order, ECF No. 28.  In support of this motion, Defendant states as follows:

   1. "[T]he Court has discretion to stay the proceedings during the pendency of an appeal, as a proper exercise of control over its docket." *Outside the Box Innovations, LLC v. Travel Caddy, Inc.*, No. 05-cv-2482, 2007 WL 7753799, at *4 (N.D. Ga. Aug. 7, 2007) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). As the Supreme Court has said, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its

docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). "A variety of circumstances may justify a district court stay," and "[a] stay sometimes is authorized simply as a means of controlling the district court's docket and of managing cases before the district court." *Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000); *see also, e.g.*, *Alps South, LLC v. Ohio Willow Wood Co.*, No. 8:09-cv-386, 2014 WL 4211308, at *1 (M.D. Fla. Aug. 26, 2014) ("The power of a federal trial court to stay its proceedings is well recognized.").

    2.    In considering Defendant's appeal of this Court's issuance of a preliminary injunction, the Eleventh Circuit will address whether this Court had jurisdiction in the first instance. "Judicial economy would certainly be served by having the [Eleventh] Circuit address this issue of jurisdiction in the early stages of litigation, rather than after a full disposition on the merits." *Kemp v. CTL Distrib.*, No. 09-cv-1109, 2010 WL 3891101, at *1 (M.D. La. Sept. 30, 2010). If the Eleventh Circuit finds that this Court has jurisdiction despite the exclusive review scheme in the federal securities laws, then it will also address this Court's finding that Plaintiff is likely to succeed on his Appointments Clause challenge. Specifically, the Eleventh Circuit will likely determine whether the SEC administrative law judge ("ALJ") presiding over the initial stages of Plaintiff's administrative proceeding is an "inferior Officer[]" of the United States. U.S. Const., Art. II, § 2, cl. 2. The Eleventh Circuit's holding on that issue will bear significantly on this Court's consideration of the merits of Plaintiff's Article II claims.

3. Defendant's answer or other response to the Complaint is currently due on July 20, 2015. Because the outcome of the proceedings in the Eleventh Circuit is likely to have a significant if not dispositive impact on this case, any briefing prior to the Eleventh Circuit's ruling would be largely superfluous, and thus a waste of the parties' and the Court's time. Indeed, Plaintiff has proposed to begin discovery immediately, which would be a waste of resources for all involved if the Eleventh Circuit determines that this Court lacks jurisdiction. A stay, on the other hand, would conserve the resources of both the parties and the Court until it is clear which issues, if any, will need to be resolved by this Court. *See Jack Faucett Assocs., Inc. v. AT&T*, No. 81-cv-1804, 1983 WL 1908 (D.D.C. Nov. 17, 1983). As a matter of judicial economy and common sense, it is far more reasonable for the Court and the parties to await the Eleventh Circuit's ruling before proceeding in this case.

4. There is no prejudice to Plaintiff if the district court proceedings are stayed. *See, e.g.*, *Dunn v. Air Line Pilots Ass'n*, 836 F. Supp. 1574, 1584 (S.D. Fla. 1993) ("A stay of proceedings is generally in the court's discretion. It is based on a balancing test in which the movant bears the burden of showing either 'a clear case of hardship or inequity' if the case proceeds, *or little possibility the stay will harm others*." (quoting *Landis*, 299 U.S. at 254-55) (emphasis added)). This is not a case where the stay would be "unreasonably long," *Landis*, 299 U.S. at 258, or "immoderate," *Ortega Trujillo*, 221 F.3d at 1264. Defendant intends to request that the Eleventh Circuit expedite its appeal and expects that the appeal can proceed quickly.

5.     In addition, Plaintiff will suffer no prejudice by the postponement of discovery. Plaintiff's claims involve pure legal issues about which there is no factual dispute. *See* Order, *Gray Financial Grp., Inc., et al. v. SEC*, No. 15-cv-492-LMM (N.D. Ga. June 12, 2015) (noting that Article II claims identical to Plaintiff's "are likely legal—not factual—issues"). More importantly, with the benefit of the Eleventh Circuit's ruling, the issues in this case are likely to be significantly narrowed and/or clarified, if not resolved entirely. Thus, a stay is not likely to significantly affect the amount of time that it will take to litigate this matter.

For these reasons, and with the exception of Defendant's pending motion to stay the preliminary injunction, Defendant asks this Court to stay all proceedings in this case pending resolution of Defendant's appeal of this Court's order granting in part and denying in part Plaintiff's motion for a preliminary injunction.[1] In the alternative, should this Court deny Defendant's request to stay proceedings, then Defendant respectfully requests that it be given fourteen (14) days following this Court's order to answer or otherwise respond to the Complaint.

Dated: July 16, 2015                                    Respectfully submitted

                                                        BENJAMIN C. MIZER
                                                        Principal Deputy Assistant Attorney
                                                            General

                                                        JOHN A. HORN
                                                        Acting United States Attorney

---

[1] The undersigned counsel has conferred with counsel for Plaintiff, who represented that Plaintiff opposes this motion.

4

KATHLEEN R. HARTNETT
Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

SUSAN K. RUDY
Assistant Director, Federal Programs
   Branch

 /s/ *Jean Lin*
JEAN LIN
JUSTIN M. SANDBERG
ADAM GROGG
STEVEN A. MYERS
MATTHEW J. BERNS
U.S. Department of Justice
Civil Division, Federal Programs
   Branch
20 Massachusetts Ave. NW
Washington, DC 20530
Phone: (202) 514-3716
Fax: (202) 616-8202
Email: jean.lin@usdoj.gov

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).

/s/ Jean Lin
JEAN LIN

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2015, I electronically filed a copy of the foregoing. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ Jean Lin
JEAN LIN